# CASES

DETERMINED IN THE

# COURT OF APPEALS

OF THE

# STATE OF NEW YORK,

At the March Term, A. D. 1868.

---

## WM. P. VAN RENSSELAER *v.* WM. BARRINGER.

The general question as to the right of the plaintiff to recover possession of the land is not an open question. It was settled in *Van Rensselaer* v. *Dennison*, and other cases previously decided.

In an action of ejectment for the non-payment of rent, where the referee finds as a matter of fact, "that the defendant was at the commencement of the action, and had been for years prior thereto, the owner in fee of said premises, and held the same immediately of the State, and that the contract upon which the action is brought was one of the assignments by means whereof the title came to the defendant, and that the plaintiff had, when the action was commenced, no estate or interest in the premises," but at the same time finds as a conclusion of law, that the plaintiff is entitled to recover the possession of the premises, the conclusion of law is unwarranted by, and in conflict with, the facts found.

But, the conclusion of law being in conformity with the law as settled by the decisions of the courts, the findings of the facts must be presumed erroneous, and furnish no ground for disturbing the judgment.

That the defendant held the fee by a tenure immediately of the State, as all our lands are held, was not inconsistent with his holding of Van Rensselaer under the conveyance in question.

Where, before the commencement of the action, the plaintiff had made an executory contract of sale of the rents and cause of action for a price to be thereafter paid, reserving to himself the power to revoke the contract upon failure of the purchaser to pay as provided, but authorizing the purchaser in the mean time, and until such revocation, to collect and have the rents, *held*, that the plaintiff was the real party in interest within the meaning of section 111 of the Code; and that an absolute consummation

of the sale made by deed after the commencement of the action, did not relate back to, and take effect from the time of the contract, so as to affect the plaintiff's right to recover.